1

**MORGAN, LEWIS & BOCKIUS LLP**
Molly Moriarty Lane, Bar No. 149206

2
molly.lane@morganlewis.com
Christina Chen, Bar No. 294921

3
Christina.chen@morganlewis.com
One Market

4
Spear Street Tower
San Francisco, CA  94105-1596

5
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001

6

7
Attorneys for Defendants
HP Inc.

8

9

10

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

11

RODNEY CARVALHO and MARK MAHER, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

HP INC., a Delaware corporation,

Defendants.

12

13

14

15

16

Case No.: 5:21-cv-08015-BLF

**DEFENDANT HP INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*[Filed Concurrently with Request for Judicial Notice and [Proposed] Order]*

Hearing Date:  May 26, 2022
Hearing Time:  9:00 am

Judge:        Honorable Beth L. Freeman
Court:        Courtroom 3 – 5th Floor

Date of FAC Filing:      12/30/21

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No.: 5:21-cv-08015-BLF

NOTICE OF HP'S MOTION
AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 26, 2022, at 9:00 am or as soon thereafter as the matter may be heard in Courtroom 3 of the San Jose Courthouse of the United States District Court, Northern District of California, located at 280 South 1st Street, San Jose, California, Defendant HP Inc., will and hereby does move this Court for an order dismissing Plaintiffs Rodney Carvalho and Mark Maher's First Amended Complaint ("FAC," or the "Complaint"), pursuant to 12(b)(6), and 9(b) of the Federal Rules of Civil Procedure.

This case should be dismissed because Plaintiffs fail to meet Rule 9(b)'s heightened pleading requirements with respect to their fraud-based claims. Plaintiffs have not sufficiently pled that HP's advertised strike-through prices were false, or that reasonable consumers would be misled by HP's advertisements. Plaintiffs have also failed to allege the specific contract or warranty terms that HP supposedly breached. Additionally, Plaintiffs' claims for intentional and negligent misrepresentation are barred by the economic loss doctrine. Their claim for unjust enrichment also fails because it is not an independent cause of action under California law and it is duplicative of Plaintiffs' other claims, and Plaintiffs cannot plausibly assert claims for equitable monetary relief when they have adequate remedies at law.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, Defendant's Request for Judicial Notice and the exhibits attached thereto, and the complete files and records in this action, and such other argument and evidence as may be presented at or before the hearing of this matter.

Dated: January 28, 2022                    **MORGAN, LEWIS & BOCKIUS LLP**

By */s/ Molly Moriarty Lane*
Molly Moriarty Lane
Christina Chen

Attorneys for Defendant HP Inc.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No.: 5:21-cv-08015-BLF

NOTICE OF HP'S MOTION
AND MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   STATEMENT OF FACTS ..................................................................................... 2

    A.    Plaintiffs Purchased Products from HP's Website HP.com .......................... 2

    B.    HP Advertises Its Products by Comparing Its Prices to the Manufacturer's
        Retail Sales Price .......................................................................................... 3

    C.    The Statutory Framework Applicable to MSRPs ........................................... 4

    D.    Plaintiffs Omit and Attempt to Avoid HP's MSRP Disclaimer by Alleging
        Incorrectly that HP's Reference Prices are Former Prices .......................... 4

    E.    Plaintiffs' Abstract Allegations About Time-Limited and Quantity-Limited
        Offers ............................................................................................................ 5

III.  LEGAL STANDARD ............................................................................................. 6

IV.   ARGUMENT ......................................................................................................... 7

    A.    Plaintiffs' Fraud Based Claims Should Be Dismissed Because Plaintiffs
        Have Not Met the Heightened Pleading Standard Required for Pleading
        Them. ............................................................................................................. 7

        1.    All of Plaintiffs' Fraud-Based Claims Are Subject to a Heightened
            Pleading Standard ................................................................................ 7

        2.    Plaintiffs Have Failed to Meet Their Heightened Pleading Burden
            in Alleging Their Claims for Negligent and Intentional
            Misrepresentation. ............................................................................... 7

        3.    Plaintiffs Have Also Failed to Meet Their Heightened Pleading
            Burden in Alleging Their CLRA, UCL, and FAL Claims ...................... 10

        4.    Plaintiffs Have Failed to Allege Sufficiently Violations of Sections
            17501 and 233.1 ................................................................................. 13

    B.    Plaintiffs' Claims for Intentional and Negligent Misrepresentation Should
        Also Be Dismissed Because They Are Barred by the Economic Loss
        Doctrine ......................................................................................................... 14

    C.    Plaintiffs' Contract Based Claims Should Be Dismissed ............................. 14

        1.    Plaintiffs Fail to Allege That HP Breached Specific Terms of Any
            Alleged Contract or Warranty Between Them and HP ........................... 15

        2.    Plaintiffs Failed to Provide Notice of Breach Prior to Filing Their
            Complaint ............................................................................................ 16

    D.    Plaintiffs' FAL Claims Should Be Dismissed Because Plaintiffs Have Not
        Alleged That HP Knew Its Strike-Through Prices Were False or
        Misleading .................................................................................................... 17

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS
(continued)

**Page**

E.  Plaintiffs' UCL Claims Should Be Dismissed for the Independent Reason That Plaintiffs Have Failed to Allege that HP Engaged in "Unlawful," "Unfair," or "Fraudulent" Practices ........................................................................ 18

F.  Plaintiffs' Unjust Enrichment Claim Should Be Dismissed Because It Is Not an Independent Claim .................................................................................. 19

G.  Plaintiffs' Claims for Violations of the UCL, FAL, and for Unjust Enrichment Should Be Dismissed Because Plaintiffs Have an Adequate Remedy at Law ............................................................................................... 20

V.  CONCLUSION ........................................................................................................ 21

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Adkins v. Apple Inc.*,
   147 F. Supp. 3d 913 (N.D. Cal. 2014) ................................................................................... 17

*In re Apple & AT&T iPad Unlimited Data Plan Litig.*,
   802 F. Supp. 2d 1070 (N.D. Cal. 2011) ................................................................................ 20

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................ 6, 7

*Avila v. Countrywide Home Loans*,
   No. 10-CV-05485-LHK, 2011 WL 1192999 (N.D. Cal. March 29, 2011) ........................... 19

*Bly–Magee v. California*,
   236 F.3d 1014 (9th Cir. 2001) ............................................................................................... 7

*Branca v. Nordstrom, Inc.*,
   No. 14CV2062-MMA (JMA), 2015 WL 10436858 (S.D. Cal. Oct. 9, 2015) ....................... 10

*Brodsky v. Apple Inc.*,
   445 F. Supp. 3d 110 (N.D. Cal. 2020) .................................................................................. 20

*Cisco Sys., Inc. v. STMicroelectronics, Inc.*,
   77 F. Supp. 3d 887 (N.D. Cal. 2014) ..................................................................................... 9

*Cooper v. Pickett*,
   137 F.3d 616 (9th Cir. 1997) ................................................................................................. 7

*Davis v. HSBC Bank Nevada, N.A.*,
   691 F.3d 1152 (9th Cir. 2012) ............................................................................................. 11

*E.D.C. Techs., Inc. v. Seidel*,
   216 F. Supp. 3d 1012 (N.D. Cal. 2016) ................................................................................ 15

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
   751 F.3d 990 (9th Cir. 2014) ................................................................................................. 6

*In re Facebook Privacy Litigation*,
   791 F. Supp. 2d 705 (N.D. Cal. 2011) .................................................................................. 20

*Frenzel v. AliphCom*,
   76 F. Supp. 3d 999 (N.D. Cal. 2014) ..................................................................................... 8

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS COMPLAINT

# TABLE OF AUTHORITIES
(continued)

**Page**

*Hadley v. Kellogg Sales Co.*,
243 F. Supp. 3d 1074 (N.D. Cal. 2017) ........................................................... 7, 19

*Haley v. Macy's, Inc.*,
263 F. Supp. 3d 819 (N.D. Cal. 2017) .................................................................. 8

*Hopkins v. Women's Div., General Bd. of Global Ministries*,
238 F. Supp. 2d 174 (D.D.C. 2002) ...................................................................... 7

*In re iPhone 4S Consumer Litig.*,
No. C 12-1127 CW, 2013 U.S. Dist. LEXIS 103058 (N.D. Cal. July 23, 2013).................. 16

*Johnson v. Fed. Home Loan Mortg. Corp.*,
793 F.3d 1005 (9th Cir. 2015).............................................................................. 4

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009).............................................................................. 8

*Kellman v. Whole Foods Market, Inc.*,
No. 17-CV-06584-LB, 2018 WL 2938612 (N.D. Cal. June 12, 2018)................................. 16

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005).............................................................................. 7

*Kowalsky v. Hewlett-Packard Co.*,
771 F. Supp. 2d 1156 (N.D. Cal. 2011) ................................................................ 18

*Loomis v. Slendertone Distribution, Inc.*,
420 F. Supp. 3d 1046 (S.D. Cal. 2019) ................................................................ 11

*Mahfood v. QVC, Inc.*,
No. SACV060659AGANX, 2007 WL 9363986 (C.D. Cal. Feb. 7, 2007)............................. 9

*Miller v. Ghirardelli Chocolate Co.*,
912 F. Supp. 2d 861 (N.D. Cal. 2012) ............................................................ 10, 18

*Moss v. U.S. Secret Serv.*,
572 F.3d 962 (9th Cir. 2009)................................................................................ 6

*Munning v. Gap, Inc.*,
No. 16-CV-03804-TEH, 2016 WL 6393550 (N.D. Cal. Oct. 28, 2016)................................ 15

*Network Automation, Inc. v. Advanced Sys. Concepts*,
638 F.3d 1137 (9th Cir. 2011)............................................................................. 12

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iv

# TABLE OF AUTHORITIES
(continued)

**Page**

*Nunez v. Saks Inc.*,
   2017 WL 1184058 (S.D. Cal. Mar. 22, 2017) ....................................................... 10

*O'Campo v. Chico Mall, LP*,
   758 F. Supp. 2d 976 (E.D. Cal. 2010) ................................................................. 7

*Palomares v. Bear Stearns Residential Mortg.*,
   07-cv-01899, 2008 WL 686683 (S.D. Cal. Mar. 13, 2008) ................................. 8

*Pappy's Barber Shops, Inc. v. Farmers Grp., Inc.*,
   491 F. Supp. 3d 738 (S.D. Cal. 2020) ................................................................ 21

*Punian v. Gillette Co.*,
   2016 WL 1029607 (N.D. Cal. Mar. 15, 2016) ................................................... 19

*Rubenstein v. Neiman Marcus Group, LLC*,
   No. CV 14–07155 SJO, 2015 WL 1841254 (C.D. Cal. Mar. 2, 2015) ................. 2, 12, 13

*Schroeder v. United States*,
   569 F.3d 956 (9th Cir. 2009) ............................................................................. 21

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ............................................................................. 21

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
   903 F. Supp. 2d 942 (S.D. Cal. 2012) ................................................................ 11

*Spann v. J.C. Penney Corp.*,
   307 F.R.D. 508 (C.D. Cal. 2015) ....................................................................... 13, 14

*Sperling v. DSW Inc., No. EDCV151366JGBSPX*,
   *2016 WL 354319* (C.D. Cal. Jan. 28, 2016) ..................................................... 1, 13

*Stearns v. Select Comfort Retail Corp.*,
   763 F. Supp. 2d 1128 (N.D. Cal. 2010) ............................................................. 17

*In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices,
   and Products Liability Litigation*,
   754 F. Supp. 2d 1145 – 94 (C.D. Cal. 2010) ..................................................... 20

*Toyota Motor Sales, U.S.A., Inc. v. Tabari*,
   610 F.3d 1171 (9th Cir. 2010) ........................................................................... 12

*Vavak v. Abbott Lab'ys, Inc.*,
   *No.* SACV 10-1995 JVS RZX, 2011 WL 10550065 (C.D. Cal. June 17, 2011) .......... 14

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

v

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS COMPLAINT

# TABLE OF AUTHORITIES
(continued)

**Page**

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003)............................................................................... 8

*Williams v. Apple, Inc.*,
    No. 19-CV-04700-LHK, 2020 WL 6743911 (N.D. Cal. Nov. 17, 2020)........................ 20, 21

*Williams v. Gerber Prods. Co.*,
    552 F.3d 934 (9th Cir. 2008)............................................................................... 11, 13

*Zetz v. Bos. Sci. Corp.*,
    398 F. Supp. 3d 700 (E.D. Cal. 2019).................................................................... 8

**State Cases**

*Aleksick v. 7-Eleven, Inc.*,
    205 Cal. App. 4th 1176 (2012)............................................................................ 19

*State v. Amoco Oil Co.*,
    97 Wis. 2d 226 (1980)........................................................................................ 11

*Berryman v. Merit Prop. Mgmt., Inc.*,
    152 Cal. App. 4th 1544 (2007)............................................................................ 19

*Hill v. Roll Int'l Corp.*,
    195 Cal. App. 4th 1295 (2011)............................................................................ 11

*Lavie v. Procter & Gamble Co.*,
    105 Cal. App. 4th 496 (2003).............................................................................. 11

*Lazar v. Hertz Corp.*,
    69 Cal. App. 4th 1494 (1999).............................................................................. 18

*Medina v. SafeGuard Prods., Inc.*,
    164 Cal. App. 4th 105 (2008).............................................................................. 18

*Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*,
    107 Cal. App. 4th 1336 (Cal. Ct. App. 2003) ...................................................... 18

*Nationwide Biweekly Admin., Inc. v. Super. Ct.*,
    9 Cal. 5th 279 (2020) ........................................................................................ 20

*North Am. Chemical Co. v. Sup. Ct.*,
    59 Cal. App. 4th 764 (1997)............................................................................... 14

*Robinson Helicopter Co., Inc. v. Dana Corp.*,
    34 Cal. 4th 979 (2004) ...................................................................................... 14

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

vi

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS COMPLAINT

# TABLE OF AUTHORITIES
(continued)

**Page**

**State Statutes**

Cal. Bus. & Prof. Code §§ 17500 ................................................................. 18, 19

Cal. Bus. & Prof. Code §§ 17501. ..................................................... 1, 5, 13, 14, 18

Cal. Com. Code, § 2607(3)(A) ............................................................................. 17

California False Advertising Law ("FAL") .................................................. *passim*

California Consumers Legal Remedies Act ("CLRA") .................................. *passim*

California Unfair Competition Law ("UCL") .............................................. *passim*

**Regulations**

16 C.F.R. § 233, *et seq.* ....................................................................... 1, 4, 5,12

16 C.F.R. § 233.1 .......................................................................................... 5, 13

16 C.F.R. § 233.1(a) ............................................................................................. 5

16 C.F.R. § 233.2(c) ........................................................................................... 13

16 C.F.R. §233.3(d) ............................................................................................. 4

16 C.F.R. §233.3(g) ............................................................................................. 4

16 C.F.R. § 233.5 ............................................................................................... 10

16 CFR § 233.2 (a)-(b) ....................................................................................... 13

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ........................................... 1, 6, 21

Federal Rule of Civil Procedure 8(d)(3) ...................................................... 20

Federal Rule of Civil Procedure 9(b) ........................................ 1, 7, 8, 9, 13, 21

Attorney General Opinion No. 57–126 .......................................................... 14

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

vii

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant HP Inc. ("HP") moves to dismiss the claims alleged by Plaintiffs Rodney Carvalho ("Plaintiff Carvalho") and Mark Maher ("Plaintiff Maher, and together with Carvalho, the "Plaintiffs") in Plaintiffs' First Amended Complaint ("FAC," or the "Complaint"), pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

## I.     INTRODUCTION

The crux of Plaintiffs' Complaint is their incorrect characterization of the strike-through prices HP lists in connection with some products on HP.com as "former" or "reference" prices. They are not, and HP does not present them as such.  To the contrary, and despite Plaintiffs' effort to distance themselves from the content of the very web pages on which they purport to rely in making their claims, HP expressly explains in a clear disclaimer that the strike-through prices are instead Manufacturer's Suggested Retail Prices ("MSRPs").

While Plaintiffs attempt to prop up their claims by citing to and relying on California Business & Professions Code section 17501 ("Section 17501") and 16 C.F.R. section 233.3 ("Section 233.3"), those provisions are irrelevant here because they regulate advertisements relating to "former" or "original" prices – not MSRPs (which are governed by a different statutory framework).  Indeed, the FTC has acknowledged that MSRPs are judged by a different standard, that is, whether the strike-through price is provided "in good faith (i.e., as an honest estimate of the actual retail price) which does not appreciably exceed the highest price at which substantial sales are made in the trade area."  Plaintiffs fail to include in their Complaint any allegations that meet this standard.  For that reason, Plaintiffs' claims should be dismissed.  But there are several other grounds that warrant dismissal of Plaintiffs' claims, including the following:

- Plaintiffs have failed to meet Rule 9(b)'s heightened pleading requirements with respect to their fraud-based claims in that they have not pled sufficiently that the MSRP prices were false, did not represent the prevailing market price or that reasonable consumers would be misled by Defendants' advertisements. *See, e.g., Sperling v. DSW Inc., No. EDCV151366JGBSPX, 2016 WL 354319,* at *3 (C.D. Cal.

Jan. 28, 2016), *aff'd sub nom. Sperling v. DSWC, Inc.*, 699 F. App'x 654 (9th Cir. 2017); *Rubenstein v. Neiman Marcus Group, LLC,* No. CV 14–07155 SJO (JPRx), 2015 WL 1841254, at *1 (C.D. Cal. Mar. 2, 2015).

- Plaintiffs' claims for intentional and negligent misrepresentation are barred by the economic loss doctrine because Plaintiffs seek only economic damages rather than damages for personal injury, physical damage, or that are different than what they seek by way of their contract-based claims.

- Plaintiffs have failed to allege the specific contract or warranty terms that HP supposedly breached.  In addition, Plaintiffs failed to provide HP with pre-suit notice of those claims, which they were required to do to assert them.

- Plaintiffs have failed to allege in connection with their claims for violations of the California False Advertising Law ("FAL") that HP knew its strike-through prices were false or misleading.

- Plaintiffs have failed to allege sufficiently that HP's alleged practices were unfair, unlawful, or fraudulent under the California Unfair Competition Law ("UCL").

- Plaintiffs' claim for unjust enrichment is not recognized as an independent cause of action under California law and it is duplicative of Plaintiffs' other claims.

- And, Plaintiffs cannot plausibly assert claims for equitable monetary relief when they have adequate remedies at law.

For all of the foregoing reasons, and as discussed in greater detail below, Plaintiffs' claims should be dismissed in their entirety.

## II.   STATEMENT OF FACTS

### A.   Plaintiffs Purchased Products from HP's Website HP.com

HP sells laptops, desktops, printers, computer accessories, and other products on its website, HP.com.  FAC at ¶¶ 32-37.

Plaintiff Carvalho alleges that, on September 7, 2021, he purchased from HP's website an All-in-One 24-dp1056qe PC desktop (the "Desktop PC") and an HP X3000 G2 Wireless Mouse (the "Mouse").  FAC at ¶¶ 52-62.  The Desktop PC was listed at a price of $899.99, which was

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS COMPLAINT

displayed next to a strike-through price of $999 and advertised as a savings of $100.  *Id.* at ¶ 10.

Plaintiff Carvalho further alleges that he purchased the Mouse at a sale price of $11.99,

discounted from a strike-through price of $16.99.  *Id.* at ¶¶ 55, 56.  He also received an additional

5% discount off of his purchase with a Labor Day coupon.  *Id.* at ¶ 58.

Plaintiff Maher alleges that he purchased an HP Laptop 17t-by400 (the "Laptop") for a

price of $599.99, for which HP advertised savings of $130 off the strike-through price of $729.99.

FAC at ¶ 68.

**B.** **HP Advertises Its Products by Comparing Its Prices to the Manufacturer's Retail Sales Price**

In offering some of its products for sale on HP.com, HP displays a strike-through amount

next to the sales price for such items.  For example, the product listing for the Desktop PC that

Plaintiff Carvalho purchased included a strike-through amount of $999 (~~$999.99~~) displayed next

to the sales price of $899.  FAC at ¶ 10.  In some instances, the product listing also displays a

purchaser's potential savings, equal to the difference between the strike-through amount and the

sales price.  In other instances, the HP.com site provides information about other opportunities for

purchasers to obtain additional discounts through special deals and sales.  *Id.*

Contrary to Plaintiffs' allegations, however, the strike-through prices listed on the product

listings for the products Plaintiffs purchased were not "former" or "reference" prices.  Instead,

they represented the MSRP for those products.  And, at the time that Plaintiffs purchased their

products, HP advised its customers, including Plaintiffs, that the strike-through prices represented

MSRPs.

Indeed, HP's website includes a disclaimer explaining this at the bottom of the page

when a customer clicks on a product listing.  For example, HP included the following disclaimer

on the product listings that both Plaintiffs accessed on the dates of their purchases:

> HP's MSRP is subject to discount. HP's MSRP price is shown as either a stand-
>
> alone price or as a strike-through price with a discounted or promotional price
>
> also listed. Discounted or promotional pricing is indicated by the presence of an
>
> additional higher MSRP strike-through price[.]

1  *See* HP's Request for Judicial Notice in Support of Motion to Dismiss ("RJN"), Exh. A

2  [Screenshot of Disclaimer on HP.com Dated May 30, 2021].  Because Plaintiffs' allegations are

3  contradicted by documents that are referenced in the Complaint and omit information from the

4  web pages that are embedded within and relied upon by the Complaint, the court need not accept

5  Plaintiffs' allegations as true in deciding this motion.  *See Johnson v. Fed. Home Loan Mortg.*

6  *Corp*., 793 F.3d 1005, 1008 (9th Cir. 2015).

7        **C.**    **The Statutory Framework Applicable to MSRPs**

8        Pursuant to Section 233.3, the FTC has established guidelines for the advertisement of

9  MRSPs, and other forms of manufacturers' retail prices.  Section 233.3 is part of the Federal

10  Trade Commission's 1964 Guides Against Deceptive Pricing, 16 CFR Part 233, (the "Pricing

11  Guides"), which address various pricing representations made by marketers, manufacturers, and

12  retailers.

13        The FTC recognized in Section 233.3(g) that retailers like HP who do business on a

14  "national [] scale cannot be required to police or investigate in detail the prevailing prices of his

15  articles throughout so large a trade area." 16 C.F.R. §233.3(g).  There is no temporal limitation to

16  the provisions of Section 233.3.  Instead, for national manufacturers, "[i]f [the retailer] advertises

17  or disseminates a list or preticketed price in good faith (i.e., as an honest estimate of the actual

18  retail price) which does not appreciably exceed the highest price at which substantial sales are

19  made in his trade area, he will not be chargeable with having engaged in a deceptive practice."

20  *Id.*  The FTC has defined "substantial" to mean "not isolated or insignificant." 16 C.F.R.

21  §233.3(d).

22        **D.**    **Plaintiffs Omit and Attempt to Avoid HP's MSRP Disclaimer by Alleging**

23                 **Incorrectly that HP's Reference Prices are Former Prices**

24        Omitting and contradicting the express MSRP disclaimer on the very shopping pages they

25  rely on in the FAC, Plaintiffs premise their claims on their incorrect assertion that HP's strike-

26  through prices are "false reference prices" or "former" prices that do not represent the bona fide

27  prices at which HP *formerly* sold its products.  Based on this incorrect allegation, Plaintiffs

28  contend that HP violated section 17501 because: (i) HP did not sell Carvalho's Desktop PC and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS COMPLAINT

Mouse at the strike-through price in the three months preceding Carvalho's purchase, FAC at ¶¶ 2, 64, 65, 82, 177, 184, 189; (ii)  in the months before Carvalho's purchase, HP "rarely, if ever," offered the Desktop PC at the strike-through price of $999.99, FAC at ¶ 4; and (iii) HP "never"[1] offered the Laptop that Maher purchased for the base price of $729.99.

Plaintiffs also claim that HP violated 16 C.F.R. § 233.1, allegedly because HP's reference prices are not the actual prices at which HP formerly sold the product for a "reasonably substantial period of time." *Id.* at ¶¶ 2, 49, 50, 78, 82, 113, 114, 126, 127, 165, 175-184, 180.

But the pricing laws on which Plaintiffs rely do not apply here at all because they regulate only advertisement of "former prices," *not* MSRPs. Section 17501 applies to the "*former* price of any advertised thing," and 16 C.F.R. § 233.1 relates to "*Former* price comparisons."  Section 17501 provides that, "[n]o price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price . . . within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement." Section 233.1 of the FTC Pricing Guides provides that former prices should be actual prices offered "on a regular basis for a reasonably substantial period of time[.]" 16 C.F.R. § 233.1(a). Section § 233.1 further provides that where "the former price is genuine, the bargain being advertised is a true one."

Because the strike-through prices on HP.com are MSRPs, not former prices, and HP clearly identified them as MSRPs on the very pages of the web site Plaintiffs allege they visited (and upon which they purport to rely in their FAC), none of the former price pricing laws Plaintiffs cites applies to HP's advertising. Plaintiffs cannot simply omit the MSRP disclaimer and incorrectly characterize the MSRP prices as "former prices" to apply a different statutory regime.

---

[1] While HP does not dispute this allegation for the purposes of the motion to dismiss, this allegation is false.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS COMPLAINT

### III.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A claim is plausible when the facts alleged permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  Thus, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *see Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996–97 (9th Cir. 2014) (facts that are merely consistent with plaintiff's favored explanation are not enough; "[s]omething more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible").  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678.

When ruling on a motion to dismiss, courts must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  However, the court will not accept as true conclusory allegations, *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1085 (N.D. Cal. 2017), unwarranted inferences of fact, *Hopkins v. Women's Div., General Bd. of Global Ministries*, 238 F. Supp. 2d 174 (D.D.C. 2002), or allegations that are contradicted by evidence. *O'Campo v. Chico Mall, LP*, 758 F. Supp. 2d 976 (E.D. Cal. 2010).  If a plaintiff's allegations contradict documents referenced in the complaint, a court need not accept those allegations as true. *City of Portland v. HomeAway.com*, Inc., 240 F. Supp. 3d 1099, 1111 (D. Or. 2017).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS COMPLAINT

IV.    **ARGUMENT**

A.    **Plaintiffs' Fraud-Based Claims Should Be Dismissed Because Plaintiffs Have Not Met the Heightened Pleading Standard Required for Pleading Them.**

1.    **All of Plaintiffs' Fraud-Based Claims Are Subject to a Heightened Pleading Standard.**

All of Plaintiffs' fraud-based claims – their claims for violations of the UCL, the FAL, the CLRA, and for negligent and fraudulent misrepresentation – are subject to a heightened pleading standard under Federal Rule of Civil Procedure 9(b), which requires that such claims "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  Rule 9(b) demands that the circumstances constituting the alleged fraud "be 'specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.'" *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001).  Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).  "[A] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Because Plaintiffs' claims for negligent misrepresentation and intentional misrepresentation sound in fraud, Plaintiffs must plead these claims with particularity as required by Rule 9(b).  *Zetz v. Bos. Sci. Corp.*, 398 F. Supp. 3d 700, 713 (E.D. Cal. 2019).  Claims for violations of the CLRA, FAL, and UCL must also meet Rule 9(b)'s heightened pleading standards.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1010 (N.D. Cal. 2014) ("[V]iolations of the CLRA, UCL, and FAL, all sound in fraud and are thus governed by Rule 9(b)'s heightened pleading standard.")  As set forth below, however, Plaintiffs fail to satisfy the heightened pleading standards of Rule 9(b) with respect to both their negligent and fraudulent misrepresentation claims, and their UCL, FAL, CLRA claims.

2.    **Plaintiffs Have Failed to Meet Their Heightened Pleading Burden in Alleging Their Claims for Negligent and Intentional Misrepresentation.**

To state claims for intentional or negligent misrepresentation, Plaintiffs must allege: (1) a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS COMPLAINT

misrepresentation of fact; (2) knowledge that the representation was false (intentional misrepresentation); or without reasonable grounds for believing it to be true (negligent misrepresentation); (3) with the intent to induce another's reliance on the fact misrepresented; (4) justifiable reliance on the misrepresentation; and (5) resulting damages. *Palomares v. Bear Stearns Residential Mortg.*, 07-cv-01899, 2008 WL 686683, at *4 (S.D. Cal. Mar. 13, 2008). Plaintiffs have not pled the elements of either claims with sufficient particularity.

First, Plaintiffs have not alleged an actionable misrepresentation of fact.  Plaintiffs' misrepresentation claims hinge on their conclusory allegations that HP's strike-through prices were false (*See, e.g.*, FAC ¶¶ 99, 112, 140, 149-152, 162, 168).  But Plaintiffs have not alleged facts to support their conclusion that the strike-through MSRPs were false.  *Haley v. Macy's, Inc.*, 263 F. Supp. 3d 819, 824 (N.D. Cal. 2017) (finding that plaintiffs' allegations, which did not offer any factual basis to support theories that original or regular prices were false or otherwise misleading, failed to meet Rule 9(b)'s heightened pleading standard).  Instead, they allege only that the strike-through prices that HP advertised to the Plaintiffs when they purchased their products did not accurately portray the price at which the products were sold "in the weeks and months prior" to their purchases or for a "reasonably sustained [or substantial] period of time." *See*, FAC at ¶¶ 4, 32, 33, 64, 65, 77, 78.  Because HP did make any representations regarding the "former" price of the products in question, these allegations are insufficient to plead falsity and the Court should dismiss Plaintiffs' claims, as courts have done when faced with similar deficiencies in pleading misrepresentation claims in reference price cases.  *See, e.g. Mahfood v. QVC, Inc.,* No. SACV060659AGANX, 2007 WL 9363986, at *4 (C.D. Cal. Feb. 7, 2007) (concluding plaintiff's allegations that defendant's comparative reference prices did not reflect prevailing market prices were conclusory, and did not the satisfy heightened pleading burden for alleging intentional misrepresentation under Rule 9(b)).

Second, Plaintiffs also fail to plead that HP made a misrepresentation with the knowledge of its falsity (required to establish intentional misrepresentation) or with "no reasonable grounds for believing it to be true" (applicable to negligent misrepresentation).  *Cisco Sys., Inc. v. STMicroelectronics, Inc.*, 77 F. Supp. 3d 887, 897 (N.D. Cal. 2014).  HP did not advertise the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS COMPLAINT

strike-through amounts as "former" or "original prices."  It did not use the word "original" or words such as "regular," "former price," or "formerly sold at" in connection with its reference prices.  *E.g.* FAC at ¶¶ 3, 7, 8, 10.  To the contrary, HP provided express disclaimers on its website explaining that the strike-through amounts are in fact, MSRP prices.  HP RJN, Exh. A [Screenshot of Disclaimer on HP.com Dated May 30, 2021].  Plaintiffs disregard and attempt to avoid these disclaimers by simply omitting them, even after HP's counsel notified them of the explanations included in the disclaimers.

Plaintiffs also do not (and cannot) allege that HP's strike-through MRSPs appreciably exceeded the highest price at which substantial sales of the products in question were made in the applicable trade area, which is required when alleging that a national manufacturer such as HP misrepresented the MSRP.[2]

Third, Plaintiffs' abstract allegations about limited quantity and limited time offers are insufficient to plead fraud.  Most importantly, Plaintiffs do not even allege that they were presented with, considered or relied on, much less that they were misled by a product listing that included a limited time or quantity offer.  Instead, their claims rely entirely on their factually unsupported allegation that HP misrepresented the reference price of the products they purchased.  This is insufficient as a matter of law.  *See Nunez v. Saks Inc.*, 2017 WL 1184058, at *5 (S.D. Cal. Mar. 22, 2017) (finding because plaintiff did not rely on the comparative price advertisements in connection with his purchase, his claims failed to comply with 9(b) and it was impermissible for plaintiff to try to "expand the scope of his claims to include . . . advertisements relating to a product that he did not rely upon.").

Additionally, Plaintiffs do not have standing to assert claims for purchases that they did not make if their allegations are based on alleged misrepresentations that are not "substantially similar," *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012); *see also Branca v. Nordstrom, Inc.*, No. 14CV2062-MMA (JMA), 2015 WL 10436858, at *4 (S.D.

---

[2] Nor can Plaintiffs allege this in good faith as the reference prices for the Desktop PC, the Laptop PC, and Mouse that Plaintiffs purchased are based on an external pricing guide.

Cal. Oct. 9, 2015) (plaintiff only has standing to sue on behalf of purchasers of other items because he is challenging "the same basic mislabeling practice" across products).  Here, Plaintiffs' allegations that HP misrepresents its time-limited and quantity-limited offers are substantially *dissimilar* from HP's practice of providing strike-through pricing based on MSRPs.

And even if any of the limited time or limited quantity offers that Plaintiffs allege had any nexus to either Plaintiffs' buying experience, Plaintiffs have failed to allege facts about HP's inventory or product stock to support their conclusory assertions that quantity-limited offers were false, or that time-limited offers were made to "artificially increase demand" or "intended to induce prospective customers to make purchases they would not have otherwise made . . . based on a false impression that they are getting a special deal."  FAC at ¶¶ 8-11.  The FTC Pricing Guide section to which Plaintiffs cite in support of this claim, 16 C.F.R. § 233.5, does not define what constitutes a "limited offer," or when an offer is not, in fact, "limited," or what comprises a "good faith expect[ation] to increase the price at a later date."  Nor is there case authority interpreting this section, which does not have the "force and effect of law" and does not bind the courts.  *State v. Amoco Oil Co.*, 97 Wis. 2d 226, 242 (1980).[3]

Based on the foregoing, Plaintiffs' intentional and negligent misrepresentation claims should be dismissed.

### 3.   Plaintiffs Have Also Failed to Meet Their Heightened Pleading Burden in Alleging Their CLRA, UCL, and FAL Claims.

Plaintiffs' failure to plead fraud adequately is also fatal to their UCL, FAL, and CLRA claims.  To state a viable claim under the UCL, FAL, and CLRA, Plaintiffs must allege facts showing that the purported misrepresentations in question are likely to mislead a reasonable consumer.  *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).  "Because the same standard for fraudulent activity governs all three statutes, courts often analyze the three statutes together."  *Loomis v. Slendertone Distribution, Inc.*, 420 F. Supp. 3d 1046, 1080 n.7 (S.D.

---

[3] For all the same reasons stated above, Plaintiffs have also not alleged a UCL, FAL or CLRA claim based on their allegations regarding time-limited and quantity-limited offers.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS COMPLAINT

Cal. 2019).  "A reasonable consumer is 'the ordinary consumer acting reasonably under the circumstances."  *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012) (quoting *Colgan v. Leatherman Tool Grp., Inc.,* 135 Cal. App. 4th 663, 680 (2006)).  "Likely to deceive implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 967 (S.D. Cal. 2012) (*quoting Lavie v. Procter & Gamble C*o., 105 Cal. App. 4th 496 (2003)).  Rather, "the phrase indicates that the ad is such that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Lavie*, 129 Cal. Rptr. 2d at 495.

As discussed already, Plaintiffs' UCL, FAL, and CLRA claims fail because Plaintiffs do not allege facts to support their claim that HP's advertisements were false.  Those claims fail for the additional reason that Plaintiffs also fail to allege sufficiently that "consumers acting reasonably in the circumstances" are likely to be deceived by HP's product listings.  *Hill v. Roll Int'l Corp*., 195 Cal. App. 4th 1295, 1304 (2011).  Here, the reasonable consumer is an online shopping computer purchasing laptop and desktop computers for hundreds of dollars. *See, e.g., Network Automation, Inc. v. Advanced Sys. Concepts*, 638 F.3d 1137, 1152 (9th Cir. 2011) ("We have recently acknowledged that the default degree of consumer care is becoming more heightened as the novelty of the Internet evaporates and online commerce becomes commonplace" and "we expect consumers searching for expensive products online to be even more sophisticated"); *see also Toyota Motor Sales, U.S.A., Inc. v. Tabari,* 610 F.3d 1171, 1176 (9th Cir. 2010) (addressing web-shoppers purchasing luxury products, "The relevant marketplace is the online marketplace, and the relevant consumer is a reasonably prudent consumer accustomed to shopping online. . . ).  Plaintiffs fail to allege any specific facts demonstrating that the reasonable consumer would be misled by HP's strike-through prices, particularly given that online shoppers are generally familiar with navigating the Internet to locate and compare products and prices.  *See Network Automation, Inc. v. Advanced Sys. Concepts, Inc*., 638 F.3d 1137, 1153 (9th Cir. 2011) "[W]e expect consumers searching for expensive products online to be even more

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

11

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS COMPLAINT

sophisticated.").

Rubenstein v. Neiman Marcus Group, No. CV 14-017155 SJO (JPRx), 2015 WL 1841254 (C.D. Cal. Mar. 2, 2015) is instructive.  In Rubenstein, the plaintiff's claims were based on Neiman Marcus's outlet stores' use of a price tag that included the term "Compared To." Id. at * 6.  Relying in part on the Pricing Guides, 16 C.F.R. § 233, et seq., the court held that the phrase "Compare To" should not be interpreted to refer to a "former" price unlike other phrases used by retailers:

> The Guides distinguish between "former price comparisons," "retail price comparisons," and "comparable value comparisons." Former price comparisons indicate that the retailer formerly offered the good at the listed price, and are indicated by language such as "Formerly sold at $___" or "Were $10, Now Only $7.50!" 16 C.F.R. §§ 233.1(b)-(c). Other language to indicate a former price includes "Regularly," "Usually," "Formerly," or "Reduced to." 16 C.F.R. §§ 233.1(e). [ ]

Id. at *5.

Here, Plaintiffs jump to the conclusion that the strikethrough price that HP advertises will be construed by a reasonable consumer to mean an "original" price, without alleging any facts giving rise to their conclusion, which is also directly contrary to HP's MSRP disclaimer. Plaintiffs disregard the existence of other types of price and value comparisons, like comparable value comparisons (addressed by 16 C.F.R. § 233.2(c)) and retail price comparisons of prices of the same products sold by different merchants (governed by 16 CFR § 233.2 (a)-(b)), which have nothing to do with a former price.  Plaintiffs' conclusory allegations are insufficient to support their claims under UCL, FAL, and CLRA.  See Sperling v. DSW Inc., 2016 WL 354319, at *6 (C.D. Cal. Jan. 28, 2016), aff'd sub nom. Sperling v. DSWC, Inc., 699 F. App'x 654 (9th Cir. 2017) (dismissing FAL, UCL, and CLRA claims with prejudice for failing to satisfy Rule 9(b) where plaintiff "merely present[ed] conclusory allegations that Defendants' comparative reference prices do not represent the prevailing market prices for Defendants' products" and "[n]owhere does the SAC explain how Defendants' comparative reference prices are inflated or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

12

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS COMPLAINT

1    why they do not accurately reflect prevailing market prices").

2        Because Plaintiffs fail to plead facts supporting their claims that HP's pricing is false or

3    likely to deceive a reasonable consumer, their claims for UCL, FAL and CLRA necessarily fail.

4    *See Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008).

5        **4.    <u>Plaintiffs Have Failed to Allege Sufficiently Violations of Sections
             17501 and 233.1.</u>**

6

7        According to the plain text of Sections 17501 and 233.1, both statutes apply to "former"

8    prices and "former price comparisons."  HP's strike-through prices represent the MSRP for its

9    products.  It makes no representations that the products were formerly sold at the strike-through

10   price.  As a result, neither one of these provisions apply to Plaintiffs' claims. But even if they did,

11   Plaintiffs have not alleged sufficiently that HP violated them.  They offer no facts to support their

12   naked assertion that the strike-through prices are not "prevailing market prices," which requires

13   consideration of the circumstances of and the relevant market for the sale ("where, and at what

14   price, the item in question is offered").  *Spann*, 307 F.R.D. at 526; *see also* 1984 Report of the

15   Attorney General's Committee on Sale and Comparative Price Advertising ("AG Committee

16   Report") (considering "other sellers" and "all merchants" in establishing a "prevailing market

17   price"); Attorney General Opinion No. 57–126 ("AG Opinion") (defining the "prevailing market

18   price" as the actual selling price "on the open market").  Plaintiffs do not allege the relevant

19   market and circumstances of the sale of the products in question or other factors required to

20   ascertain a "prevailing market price."  *E.g., Spann v. J.C. Penney Corp.*, 307 F.R.D. 508, 526

21   (C.D. Cal. 2015), modified, 314 F.R.D. 312 (C.D. Cal. 2016) (definition of "prevailing market

22   price" under section 17501 requires consideration of the circumstances of the sale, like where,

23   and at what price, the item in question is offered).  Nor do Plaintiffs allege that they investigated

24   the prices at which the products retailed elsewhere, the prices charged for items sold online as

25   compared to retail stores, the prices at which authorized retailers sold the products as compared to

26   the prices charged by secondary sellers, the method of product distribution, or other factors that

27   might impact the price of the products in question.  *Id.*  Absent such allegations, Plaintiffs have

28   not alleged that HP violated the irrelevant provisions of Sections 17501 and 233.1.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

MEM. OF POINTS & AUTHORITIES ISO
                              MOTION TO DISMISS COMPLAINT

**B.** **Plaintiffs' Claims for Intentional and Negligent Misrepresentation Should Also Be Dismissed Because They Are Barred by the Economic Loss Doctrine.**

Plaintiffs' claims for negligent and intentional misrepresentation should be dismissed for the independent reason that they are barred by the economic loss doctrine. Under this rule, a plaintiff may recover only in contract, and not in tort, for "purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co., Inc. v. Dana Corp.,* 34 Cal. 4th 979, 988 (2004); *Vavak v. Abbott Lab'ys, Inc., No.* SACV 10-1995 JVS RZX, 2011 WL 10550065, at *5 (C.D. Cal. June 17, 2011) ("[w]here damages are purely economic, recovery may only be in contract"). "[H]arm above and beyond a broken contractual promise" includes personal injury or physical damage to property. *North Am. Chemical Co. v. Sup. Ct.*, 59 Cal. App. 4th 764, 777 (1997). The economic loss rule also bars tort claims that are based on the same factual allegations, and seek the same damages, as a plaintiff's contract claims. *See Multifamily Captive Group, LLC v. Assur. Risk Managers*, Inc., 629 F. Supp. 2d 1135, 1146 (E.D. Cal. 2009) (rejecting fraud claim based on economic loss rule where "misrepresentations at the center of plaintiffs' claim is the contract itself" and damages sought are "the same economic losses arising from the alleged breach of contract"). Here, Plaintiffs do not allege personal injury, physical damage, any additional harm beyond their disappointed expectations, or seek damages that are any different from what they seek by way of their contract claims. *Munning v. Gap, Inc.*, No. 16-CV-03804-TEH, 2016 WL 6393550, at *9 (N.D. Cal. Oct. 28, 2016) (because negligent misrepresentation claim seeks the same damages as breach of contract claim, plaintiff's negligent misrepresentation claim regarding reference prices was dismissed). Rather, Plaintiffs seek additional discounts for the products they purchased pursuant to both their contract-based and fraud-based claims. *See,* FAC at ¶¶ 95, 106, 114, and 127. Plaintiffs' negligent and misrepresentation claims should be dismissed as a result.

**C.** **Plaintiffs' Contract Based Claims Should Be Dismissed.**

Plaintiffs' contract-based claims should also be dismissed because Plaintiffs do not, and cannot, identify the terms of any contract or warranty that HP allegedly breached and they failed to provide the required notice of those claims.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

14

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS COMPLAINT

1.   **Plaintiffs Fail to Allege That HP Breached Specific Terms of Any Alleged Contract or Warranty Between Them and HP.**

Plaintiffs' claims for breach of contract and warranty should also be dismissed because Plaintiffs have failed to allege the specific terms of the alleged contract between them and HP or how HP breached those terms.  A breach of contract claim requires a plaintiff to plead (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff.  *E.D.C. Techs., Inc. v. Seidel*, 216 F. Supp. 3d 1012, 1015 (N.D. Cal. 2016).  Plaintiffs fail to plead a breach of a material term and resulting damage.

Contrary to Plaintiffs' allegations, Plaintiffs and HP never agreed that HP would sell Plaintiffs' products at "a specific discount" or that the products "had a market value equal to the reference price displayed on HP's website."  FAC at ¶ 92.  Instead, HP advised Plaintiffs that its strike-through prices were the MSRPs for the products in question.  Plaintiffs have not alleged to the contrary, nor could they.  Furthermore, HP offered to sell Plaintiffs items at certain prices, and Plaintiffs agreed to pay those prices. Plaintiff paid for their items and, in return, received the items that they purchased.  Absent a breach, Plaintiffs did not suffer any damages caused by that breach.

Likewise, Plaintiffs fail to plead a breach of express warranty. To plead breach of express warranty, a plaintiff must plead 1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached.  *Kellman v. Whole Foods Market, Inc*., No. 17-CV-06584-LB, 2018 WL 2938612, at *13 (N.D. Cal. June 12, 2018).  A plaintiff must plead the "exact terms" of the warranty. *In re iPhone 4S Consumer Litig.,* No. C 12-1127 CW, 2013 U.S. Dist. LEXIS 103058, *52 (N.D. Cal. July 23, 2013) (dismissing express warranty claim because the plaintiffs failed to plead with particularity which commercials they relied on, the content of those commercials, and reasonable reliance).  Plaintiffs' claim for breach of express warranty fails for the same reasons their breach of contract claim fails.

Additionally, the courts have held that claims for breach of warranty cannot be premised

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

15

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS COMPLAINT

upon allegations regarding the price and perceived "value" of the goods.  *In T & M Solar*, the court noted:

> Certain statements, however, cannot serve as the basis of an express warranty. For
> example, "an affirmation merely of the value of the goods or a statement
> purporting to be merely the seller's opinion or commendation of the goods does
> not create a warranty." *Smith v. LG Elecs U.S.A., Inc*., No. C 13–4361 PJH, 2014
> WL 989742, at *4 (N.D.Cal. Mar. 11, 2014) (citing Cal. Comm.Code § 2313 and
> Cal. Civ.Code § 1791.2(a)(2)(b)).  Rather, such statements are mere puffery that
> do not support liability under a claim of breach of warranty. *See Long*, 2013 WL
> 4655763, at *11.

83 F. Supp. 3d at 876.  Plaintiffs fail to identify any specific terms of the warranty regarding the utility or performance of the subject products.  FAC. at ¶ 87-90.

### 2.   Plaintiffs Failed to Provide Notice of Breach Prior to Filing Their Complaint.

Plaintiffs' contract-based claims must be dismissed for the additional reason that Plaintiffs failed to provide notice of those claims prior to filing their complaint.  To recover on their breach of warranty and contract claims, Plaintiffs were required, within a reasonable time after they discovered or should have discovered any breach, to notify HP of that breach.  Cal. Com. Code, § 2607(3)(A)).  This statutorily required notice requirement is designed to allow the seller an opportunity to take corrective actions such as repairing defective items thereby reducing damages and avoiding future product defects.  In reference price cases, courts have required that plaintiffs provide notice of their claims before a suit is filed.  Indeed, courts have dismissed both breach of contract and breach of warranty claims for plaintiffs' failure to provide such notice.   *Evans v. DSW*, Inc., No. CV 16-3791 JGB (SPX), 2017 WL 7058232, at *4 (C.D. Cal. Sept. 14, 2017) (court dismissed both claims, and found that it is insufficient if plaintiff sent the notice after sending the proposed complaint which adds the breach of warranty and contract claims because the "notice" was still received after the original complaint was filed,), *citing to Alvarez v. Chevron* Corp., 656 F. 3d 925, 932 (9th Cir. 2011) (express warranty claim barred where

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

16

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS COMPLAINT

1   plaintiffs sent their notice letter simultaneously with the complaint); *Adkins v. Apple Inc*., 147 F.

2   Supp. 3d 913, 920 (N.D. Cal. 2014) (rejecting argument that letter sent contemporaneously with

3   the filing of the original complaint was sufficient notice under section 2607).

4          Furthermore, a pre-suit notice is deficient and warrants dismissal of claims if the notice

5   does not include facts, claims, or representations signaling Plaintiffs' intent to assert breach of

6   warranty or breach of contract claims. *Evans*, 2017 WL 7058232, at *5; *Stearns v. Select Comfort

7   Retail Corp*., 763 F. Supp. 2d 1128, 1144 (N.D. Cal. 2010) (pre-suit letter inadequate to provide

8   notice under Section 2607 because "nothing in the letter state[d] or even implie[d] that Williams

9   [was] acting on behalf of a purported plaintiff class."). Plaintiffs have not alleged sufficiently that

10  they provided HP with pre-suit notice. Although Plaintiff Carvalho sent HP a letter on October 8,

11  2021, HP did not receive that letter until October 13, 2021, the same day that Plaintiff Carvalho

12  filed the original complaint, which did not provide HP with sufficient notice to cure the purported

13  deficiencies. Moreover, Carvalho's letter did not advise HP that he intended to file claims for

14  breach of contract and express warranty. HP RJN, Exh. B [October 8, 2021 CLRA Letter]. And,

15  of course, Maher never provided HP with any notice at all. Having failed to send a pre-suit notice

16  advising HP of any intent to assert breach of contract and breach of warranty claims, Plaintiffs'

17  claims should be dismissed.

18         **D.      Plaintiffs' FAL Claims Should Be Dismissed Because Plaintiffs Have Not
               Alleged That HP Knew Its Strike-Through Prices Were False or Misleading.**

19

20         Plaintiffs have failed to plead their claims for violations of two provisions, Cal. Bus. &

21  Prof. Code §§ 17500 and 17501, of California's False Advertising Law, for the additional reason

22  that Plaintiffs do not and cannot plead that HP knew or should have known its strike-through

23  prices were false. First, again, these statutes apply to "former" prices, not the MSRP strike-

24  through prices at issue here. Second, as stated above, even if Section 17501 did apply, Plaintiffs

25  fail to allege facts to support any claims regarding the prevailing market price of the products in

26  question, and how HP's advertising practices do not comply with this statute. Third, in addition

27  to pleading that a defendant actually made an untrue or misleading statement, a plaintiff asserting

28  a claim under the FAL must sufficiently plead "the defendants "knew, or by the exercise of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

17

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS COMPLAINT

1    reasonable care should have known, that the statements were untrue or misleading." Cal. Bus. &

2    Prof. Code§ 17500; *Miller v. Ghirardelli Chocolate Co*., 912 F. Supp. 2d 861, 873 (2012); *see*

3    *also Kowalsky v. Hewlett-Packard Co., 771 F. Supp. 2d 1156, 1162 (N.D. Cal. 2011); Nat'l*

4    *Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*, 107 Cal. App. 4th 1336, 1342 (Cal.

5    Ct. App. 2003).  Plaintiffs failed on all counts here.  Because Plaintiffs fail to allege facts that

6    HP's strike-through prices are deceptive, there is no basis to infer that HP had knowledge of any

7    false statement allegedly made to Plaintiffs.

8          **E.**     **Plaintiffs' UCL Claims Should Be Dismissed for the Independent Reason**
     **That Plaintiffs Have Failed to Allege that HP Engaged in "Unlawful,"**
9               **"Unfair," or "Fraudulent" Practices.**

10         Plaintiffs' claims for relief under the UCL fail for the independent reason that Plaintiffs

11   have not alleged sufficiently that HP engaged in any unlawful, unfair, or fraudulent practices.  To

12   state a cause of action based on an "unlawful" act or practice under the UCL, a plaintiff must

13   allege facts sufficient to show a violation of some underlying law. *See Lazar v. Hertz Corp*., 69

14   Cal. App. 4th 1494, 1505 (1999).  Moreover, a plaintiff must allege facts showing that his or her

15   purchase was caused by the underlying violation. *See Medina v. SafeGuard Prods., Inc.*, 164 Cal.

16   App. 4th 105, 115 (2008).

17         Under California law, "[w]hen a statutory claim fails, a derivative UCL claim also fails."

18   *Aleksick v. 7-Eleven, Inc.*, 205 Cal. App. 4th 1176, 1185 (2012). The alleged violations of law

19   that form the basis for Plaintiffs' "unlawful" UCL claim are violations of the FAL and CLRA,

20   which, for the reasons above, Plaintiffs fail to allege sufficiently.  *See id.*; *see also Avila v.*

21   *Countrywide Home Loans*, No. 10-CV-05485-LHK, 2011 WL 1192999, at *6 (N.D. Cal. March

22   29, 2011) (dismissing UCL claim premised on violation of underlying law for which plaintiff

23   failed to state claim).

24         Plaintiffs' "fraudulent" UCL claim is also defectively pled.  A "fraudulent" UCL claim

25   requires a showing that "members of the public are likely to be deceived." *Berryman v. Merit*

26   *Prop. Mgmt., Inc*., 152 Cal. App. 4th 1544, 1556 (2007).  As shown above, HP's representations

27   were not fraudulent and Plaintiffs' "fraudulent" UCL claim should be dismissed.

28         Lastly, Plaintiffs have not pled any facts supporting their "unfair" UCL claim, which

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

18

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS COMPLAINT

requires a plaintiff to allege that a defendant engaged in business practices that "violate[] established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *Hadley*, 243 F. Supp. 3d at 1104.  Plaintiffs make no such allegations in the FAC and have not pled how HP's strike-through pricing of MSRPs violated established public policy or causes consumer injury.  Plaintiffs' "unfair" UCL claim is also tethered to Plaintiffs' inadequately pled claims for violation of various underlying laws.  Because Plaintiffs' "unlawful" UCL claim warrants dismissal, Plaintiffs' "unfair" UCL claim should also be dismissed.  *See id.* at 1104–05 (holding "unfair" UCL claim cannot survive where it overlaps entirely with defective "unlawful" UCL claim); *see also Punian v. Gillette Co*., 2016 WL 1029607, at *17 (N.D. Cal. Mar. 15, 2016) (holding that cause of action under the unfair prong of the UCL did not survive where "the cause of action under the unfair prong of the UCL overlaps entirely with Plaintiff's claims" under the FAL, CLRA, and fraudulent prong of the UCL).

### F.   Plaintiffs' Unjust Enrichment Claim Should Be Dismissed Because It Is Not an Independent Claim.

Plaintiffs' unjust enrichment claim should be dismissed because California law does not recognize unjust enrichment as an independent cause of action. *See In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, 754 F. Supp. 2d 1145, 1193 – 94 (C.D. Cal. 2010) ("Simply put, 'there is no cause of action in California for unjust enrichment"); *Brodsky v. Apple Inc*., 445 F. Supp. 3d 110, 132–33 (N.D. Cal. 2020) (collecting California and federal cases, noting that "courts have consistently dismissed stand-alone claims for unjust enrichment").  Further, although Federal Rule of Civil Procedure 8(d)(3) allows inconsistent claims to be pled, Rule 8 does not allow a plaintiff to circumvent state law by stating a claim for both express and quasi contract.  *See In re Facebook Privacy Litigation*, 791 F. Supp. 2d 705, 718 (N.D. Cal. 2011).  Because Plaintiffs allege an express contract with HP (FAC at ¶¶ 89-96), Plaintiffs cannot "recover on an unjust enrichment or quasi contract claim if the parties have an enforceable agreement covering the same subject matter." *Maloney v. Indymac Mortgage Servs*., No. CV 13-04781 DDP AGRX, 2014 WL 6453777, at *7 (C.D. Cal. Nov. 17,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

19

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS COMPLAINT

2014).  Moreover, because Plaintiffs rely on the same set of facts for all of their claims, they "cannot assert unjust enrichment claims that are merely duplicative of statutory or tort claims." *In re Apple & AT&T iPad Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070, 1077 (N.D. Cal. 2011).

### G.   Plaintiffs' Claims for Violations of the UCL, FAL, and for Unjust Enrichment Should Be Dismissed Because Plaintiffs Have an Adequate Remedy at Law.

Plaintiffs' claims for equitable monetary relief under the UCL, FAL, and unjust enrichment should also be dismissed because Plaintiffs have adequate remedies at law.  In the Ninth Circuit, "a federal court cannot grant relief under the UCL . . . if Plaintiffs have an adequate remedy at law."  *Williams v. Apple, Inc.*, No. 19-CV-04700-LHK, 2020 WL 6743911, at *9 (N.D. Cal. Nov. 17, 2020).  As the California Supreme Court recently confirmed, "civil causes of action authorized by the UCL . . . must properly be considered equitable, rather than legal, in nature." *Nationwide Biweekly Admin., Inc. v. Super. Ct.*, 9 Cal. 5th 279, 326 (2020).  "[A] federal court's equitable authority remains cabined to the traditional powers exercised by English courts of equity, even for claims arising under state law."  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 840 (9th Cir. 2020).  One limit on a federal court's equitable powers is that "equitable relief is not appropriate where an adequate remedy exists at law."  *Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009).  This holds true even "in a diversity action where state law allow[s] equitable relief."  *Sonner*, 971 F.3d at 842.  Thus, Plaintiffs must plead facts demonstrating that they lack an adequate remedy at law to maintain their equitable restitution claim under the UCL, FAL, and for unjust enrichment.  *See id.* at 837.  Because Plaintiffs do not (and cannot) do so, those claims should be dismissed as a matter of law.

Plaintiffs assert claims for breach of contract and breach of express warranty, which permit them to recover monetary damages, and "[m]onetary damages are a remedy at law."  *See Williams*, 2020 WL 6743911, at *9.  In addition, the Complaint does not allege how Plaintiffs' claims for breach of contract, breach of express warranty, misrepresentation, and violations of the CLRA—which are based on the same factual predicates as their claims for equitable relief—"are any less prompt, certain, or efficient than restitution."  *Sonner*, 971 F.3d at 844 n.8.  Because

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

20

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS COMPLAINT

Plaintiffs seek, and may be entitled to, compensatory damages, their claims for equitable monetary relief should be dismissed.

## V. <u>CONCLUSION</u>

Because the Complaint fails to set forth facts to support Plaintiffs' causes of action under Rule 12(b)(6) and Rule 9(b), HP respectfully requests that the First Amended Complaint be dismissed in its entirety without leave to amend.  *See Pappy's Barber Shops, Inc. v. Farmers Grp., Inc*., 491 F. Supp. 3d 738, 739 (S.D. Cal. 2020) (leave to amend should be denied if the proposed amended complaint is futile).

Dated:  January 28, 2022                                        **MORGAN, LEWIS & BOCKIUS LLP**

By *<u>/s/ Molly Moriarty Lane</u>*
Molly Moriarty Lane
Christina Chen

Attorneys for Defendant HP Inc.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

21                    MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS COMPLAINT