UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY CARVALHO, et al., | Case No.  21-cv-08015-PCP |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| HP, INC., | |
| Defendant. | Re: Dkt. No. 85 |

## BACKGROUND

This is a putative class action lawsuit filed by named plaintiffs Rodney Carvalho and Mark Maher against defendant HP, Inc., alleging that HP displayed misleading strikethrough and discounted prices on its website. Plaintiffs allege that they were harmed by HP's conduct by, among other things, paying more for their products than they would have paid and being induced to make purchases they would not have otherwise made absent the false and misleading prices and discounts. In their operative July 2022 complaint, plaintiffs asserted violations of California's Consumer Legal Remedies Act, False Advertising Law, and Unfair Competition Law, as well as a claim for unjust enrichment.

The parties engaged in substantial discovery and several meetings before reaching the proposed settlement. Dkt. No. 85, at 9–11. The parties engaged in formal and informal discovery regarding the prices and discounts at issue, which included production of sales data for 287,784 orders, production of over 500,000 screenshots of HP's website, and an analysis of the pricing data collected. The parties then participated in a full day of mediation on June 12, 2024, where the parties reached a settlement in principle. The parties continued to negotiate, and, several months later, were eventually able to finalize the settlement agreement.

On December 2, 2024, the parties moved for preliminary approval of the class action

settlement, conditional certification of the settlement classes, appointment of class representatives and counsel, approval of the selection of the settlement administrator, approval of the class notices, and setting of a final approval hearing. The filing included a copy of the class and collective action settlement agreement and release. The Court ordered the parties to provide supplemental briefing. Plaintiffs submitted their supplemental brief and supporting evidence on January 2, 2025, and the Court heard argument on the motion for preliminary approval on January 16, 2025. At the hearing, the Court inquired whether the parties would consider striking the preliminary approval order's proposed injunction against litigation by class members pending final approval. On January 30, 2025, the parties filed a revised settlement agreement omitting the proposed injunction and instead permitting HP to withdraw from the settlement should a specified number of class members opt out. Dkt. No. 90.

Under the terms of the revised settlement, HP will contribute a total gross amount of $4,000,000, which will be used to make payments to class members, fund class representative services awards in an amount not to exceed $5,000 per representative, reimburse class counsel for attorney's fees and costs of no more than $1,000,000, and pay settlement administration costs currently estimated at approximately $246,467.20.

Plaintiffs request certification of a settlement class that consists of all individuals nationwide who purchased HP desktop computers, laptops, mice, and keyboards between June 5, 2021, and October 28, 2024, that were offered at a discount more than 75% of the time the products were offered for sale during that same period (the "Class Products"). Excluded from the class are individuals who (1) purchased more than two of the same Settlement Class Product in the same order; (2) are employees of HP and members of his/her immediate family; (3) are judicial officers presiding over the action and members of their immediate family and judicial staff; (4) are counsel of record for the parties, and their respective law firms; or (5) timely and properly exclude themselves from the settlement class.

Under the terms of the proposed settlement, settlement class members who do not timely and validly exclude themselves will release:

any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, actual, compensatory, treble, nominal, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal, or statutory relief, any other benefits, or any penalties of any type whatever relating to or arising out of the claims that were or could have been asserted by Plaintiffs or the Settlement Class Members with respect to (1) the strikethrough prices and discounts advertised on HP's website for the Settlement Class Products during the Settlement Class Period; or (2) the allocation, division, or payment of the Settlement Fund or any Class Member's cash benefit, whether known or unknown, suspected or unsuspected, contingent or non-contingent, or discovered or undiscovered, whether asserted or unasserted, and, if asserted, whether asserted in federal court, state court, arbitration, or otherwise, whether asserted in an individual action, a putative class action, a parens patriae action, or other representative action (including any action purportedly brought on behalf of the general public of the United States or of a particular state, district, or territory therein), and whether triable before a judge or jury or otherwise, through the Class Period. and any demands for any and all debts, obligations, liabilities, damages.

Under the parties' proposed process for notifying and paying settlement class members, HP will provide the contact information of all settlement class members to the settlement administrator within 30 days of preliminary approval. The administrator will then distribute notice of the proposed settlement to the class members within 15 days. Settlement class members will have the opportunity to submit claims, opt out, or object to the settlement within 60 days from distribution of the notices.

The parties estimate that 287,784 individuals fall within the class definition and will receive notice of the settlement. The parties predict the opt-out rate for the settlement class will be less than 1%. The parties anticipate at least $2,750,000 will be available to provide cash benefits to the settlement class members after payment of settlement administration costs and any court-approved service awards or attorneys' fees and costs. The parties propose five different cash benefit amounts based on product type and estimated per-unit damages. Assuming a claims rate of 15%, the parties anticipate that each settlement class member who submits a valid claim is likely to receive a cash payment that at least fully compensates them for the estimated per-unit damages.

**LEGAL STANDARDS**

While "[t]he Ninth Circuit has a strong judicial policy that favors settlements in class actions," *Hudson v. Libre Technology, Inc.*, 2019 WL 5963648, at *3 (S.D. Cal. Nov. 13, 2019), district courts must carefully "scrutinize pre-class certification settlements," as there is a risk of collusion between the defendants and class counsel to settle "without devoting substantial resources to the case." *Briseño v. Henderson*, 998 F.3d 1014, 1024 (9th Cir. 2021). "Approval of a settlement is a two-step process. Courts first determine whether a proposed class action settlement deserves preliminary approval [including conditional class certification] and then, after notice is given to class members, whether final approval is warranted." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 229 F. Supp. 3d 1052, 1062 (N.D. Cal. 2017) (quoting *In re High-Tech Employee Antitrust Litig.*, 2014 WL 3917126, at *3 (N.D. Cal. Aug. 8, 2014)).

Rule 23 requires district courts to ensure that any class settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e). In making this determination, a court must consider whether: "(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, (iii) the terms of any proposed award of attorney's fees, including timing of payment, and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other." *Id.*

To obtain conditional class certification, the proposed class must meet the following requirements: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). These requirements are often referred to as the numerosity, commonality, typicality, and adequacy requirements.

**ANALYSIS**

**I.     The Court grants conditional certification of the proposed settlement class.**

    **A.     Rule 23(a)**

A class action may be certified only if it meets the requirements of numerosity, commonality, typicality, and adequacy of representation. *Mazza v. American Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012). The settlement class here does so.

Numerosity requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Generally, the numerosity requirement is met where the plaintiff class contains forty or more members. *Corley v. Google, Inc.*, 316 F.R.D. 277, 290 (N.D. Cal. 2016). The settlement class contains approximately 287,784 members. Accordingly, the numerosity requirement is met.

The second requirement of Rule 23(a) is that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Here, class members share common questions of law and fact, such as (1) whether HP disseminated false or misleading advertising on its website regarding the prices and discounts for the Class Products during the Class Period; (2) whether HP's advertisements had a tendency to mislead a reasonable consumer; (3) whether a reasonable consumer would interpret the strikethrough prices on HP's website as the regular price or former price of the Class Products offered for sale on HP's website; (4) whether HP ever sold or offered for sale the Class Products at the advertised strikethrough prices; and (5) whether HP's pricing practices on its website violated established law.

The typicality requirement is met when "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) (cleaned up). Here, the claims of the named plaintiffs are typical of the class because they arise from HP's same course of conduct.

Finally, the class representative parties must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requires that (1) named plaintiffs and their counsel have no conflicts of interest with other class members, and that (2) named plaintiffs and their counsel

prosecute the action vigorously on behalf of the class. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015). Here, there are no known conflicts of interest between the proposed class members and the named plaintiffs or class counsel. The named plaintiffs and class counsel have vigorously prosecuted the action, including by conducting intensive discovery and filing this motion for preliminary approval after extensive settlement negotiations. Accordingly, the representation of the class by its counsel and the named plaintiffs is adequate.

### B.    Rule 23(b)(3)

Certification also requires that the action be "maintainable under Rule 23(b)(1), (2), or (3)." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Here, the parties seek certification under Rule 23(b)(3), which imposes two further requirements: predominance and superiority.

Predominance requires that "that the questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). This case features multiple predominate common questions of law and fact. Accordingly, plaintiffs have shown predominance.

Superiority "assure[s] that the class action is the most efficient and effective means of resolving the controversy." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (cleaned up). This is generally the case where there is a significant disparity between litigation costs and the recovery sought, such that a class action will allow individuals to pool claims that would be uneconomical individually. Here, the estimated per-unit damages for each Class Product are $100 or less, while class counsel's litigation costs incurred to date are roughly $805,296. If class members had pursued their own actions, these litigation costs would significantly exceed their recovery. Accordingly, pursuing the claims in this case as a class action is superior to other means of adjudicating the dispute.

***

Because the requirements of Rules 23(a) and 23(b)(3) are satisfied, the Court grants conditional class certification of the settlement class for settlement purposes only.

United States District Court
Northern District of California

United States District Court
Northern District of California

**II.    The proposed settlement is fair, reasonable, and adequate as required by Federal Rule of Civil Procedure 23(e).**

The Court now preliminarily examines the settlement agreement to ensure it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Because this settlement occurred before formal class certification, it requires a "higher standard of fairness" in order to ensure that class representatives and their counsel do not secure a disproportionate benefit at the expense of the class. *See Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012). "But class action settlements do not need to embody the best result for preliminary approval." *In re Google Referrer Header Priv. Litig.*, Case No. 5:10-CV-04809 EJD, 2014 WL 1266091, at *6 (N.D. Cal. Mar. 26, 2014).

The Court may grant preliminary approval of a settlement and direct notice to the class if "the proposed settlement [1] appears to be the product of serious, informed, non-collusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007). "Closer scrutiny is reserved for the final approval hearing." *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2011 WL 1627973, at *7 (N.D. Cal. Apr. 29, 2011).

The Court analyzes each factor below in turn.

**A.    The settlement appears to be the product of serious, informed, non-collusive negotiations.**

"The first fairness factor concerns the means by which the parties arrived at settlement." *Toolajian v. Air Methods Corp.*, No. 18-CV-06722-AGT, 2020 WL 8674094, at *8 (N.D. Cal. Apr. 24, 2020) (internal quotations omitted). The settlement agreement was reached after extensive informal and formal discovery suggesting that the parties were "armed with sufficient information about the case" to broker a fair settlement. *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 396 (C.D. Cal. 2007). Experienced counsel on both sides with a comprehensive understanding of the strengths and weaknesses of each party's respective claims and defenses negotiated this settlement over an extended period of time. The parties engaged the services of an experienced private mediator to assist them in their efforts to resolve this action at arms-length, reducing the risk of possible collusion. *See In re Google Referrer Header Priv. Litig.*, No. 5:10-

1    CV-04809 EJD, 2014 WL 1266091, at *5 (N.D. Cal. Mar. 26, 2014).

2        Nor does the structure of the settlement suggest collusion. The parties have not negotiated

3    a "clear sailing" provision, whereby class counsel would receive attorneys' fees separate and apart

4    from class settlement funds; any unused funds in the settlement will not revert to HP; and class

5    counsel will not receive a disproportionate share of the settlement. The absence of these

6    characteristics is strong evidence of noncollusive negotiations. *See In re Bluetooth Headsets

7    Product Liability*, 654 F.3d 935, 947 (9th Cir. 2011).

8        **B.    The proposed settlement contains no obvious deficiencies.**

9        The Court finds no obvious deficiencies with the proposed settlement.

10       **C.    The proposed settlement does not provide preferential treatment amongst
              class members.**

11       Under the proposed settlement, each class member may claim their distribution of the cash

12   benefits based on their respective product type(s) and the per-unit estimated damage. The Court is

13   satisfied that the allocation of the settlement does not unfairly benefit certain class members over

14   others.

15       At this stage, there is no indication that the proposed service award for the named plaintiffs

16   constitutes "preferential treatment" that would defeat preliminary approval. *See Lopez v. Bank of

17   Am., N.A.*, No. 10-cv-01207-JST, 2015 WL 5064085, at *8 (N.D. Cal. Aug. 27, 2015) (noting that

18   service awards of $5,000 are "presumptively reasonable" in the Ninth Circuit). The Court reserves

19   further analysis of the proposed service award until final approval.

20       **D.    The proposed settlement falls within the range of possible settlements.**

21       Under the final "preliminary fairness factor—whether the Settlement falls within the range

22   of possible approval—the Court focuses on substantive fairness and adequacy and considers

23   [plaintiffs'] expected recovery balanced against the value of the settlement offer." *Toolajian*, 2020

24   WL 8674094, at *10 (internal quotations omitted). "It is well-settled law that a cash settlement

25   amounting to only a fraction of the potential recovery [does] not per se render the settlement

26   inadequate or unfair." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 628 (9th

27   Cir.1982).

Plaintiffs estimate the total exposure that HP could face is approximately $10.4 million. Accordingly, the proposed $4 million non-reversionary settlement fund represents nearly 40% of HP's potential exposure. Plaintiffs further estimate that, assuming a higher-end claims rate of 15%, the settlement will provide class members with a cash payment that, at minimum, fully compensates them for their estimated damages. Given the risks attendant to further litigation, the Court is satisfied that the proposed settlement falls within the range of possible approval and warrants comment from class members. *Cf. In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). *See also Brazil v. Dell Inc.*, Case No. 5:07-cv-01700, 2012 U.S. Dist. LEXIS 47986, at *3-4 (N.D. Cal. Apr. 4, 2012) (finding $50-per claimant monetary award "a significant benefit for class members given the harm alleged and the potential risks of further litigation").

For purposes of preliminary approval, the Court concludes that the settlement agreement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

### III.    The Court grants preliminary approval of the settlement as follows:

1.    Unless otherwise defined herein, all terms, definitions, and phrases used herein shall have the same meanings as set forth in the Settlement Agreement.

#### A.    Preliminary Approval of Settlement and Certification of Settlement Class for Purposes of Settlement Only

2.    The Settlement is hereby preliminarily approved as fair, reasonable, and adequate such that notice thereof should be given to members of the Settlement Class.

3.    Under Federal Rule of Civil Procedure 23(b)(3), the Settlement Class, as set forth in Section 1.28 of the Settlement Agreement and defined as follows, is preliminarily certified for the purpose of settlement only. The Settlement Class includes:

> Individuals nationwide who purchased a Settlement Class Product during the Settlement Class Period. Settlement Class Products mean the HP desktop computers, laptops, mice, and keyboards that were offered on sale more than 75% of the time the products were offered for sale during the Settlement Class Period, as identified in Exhibit E, attached to the Settlement Agreement.

Excluded from the Class are individuals who (1) purchased more than two of the same Settlement Class Product in the same order; (2) are employees of HP and members of his/her immediate

United States District Court
Northern District of California

family; (3) are judicial officers presiding over the action and members of their immediate family and judicial staff; (4) are counsel of record for the Parties, and their respective law firms; or (5) timely and properly exclude themselves from the Settlement Class.

4.      If the Settlement Agreement is not finally approved by this Court, or if such final approval is reversed or materially modified on appeal by any court, this Order (including but not limited to the certification of the class) shall be vacated, null and void, and of no force or effect, and Plaintiffs and HP shall be entitled to make any argument for or against certification for litigation purposes.

5.      Plaintiffs are appointed as adequate representatives of the Settlement Class. EDGE, A Professional Law Corporation, and Capstone Law APC, are hereby appointed as Class Counsel to represent the proposed Settlement Class.

**B.      Notice to the Settlement Class**

6.      The Court has reviewed the content of the proposed forms of notice attached to the settlement agreement as Exhibit A (Long Form Notice) and Exhibit B (Short Form Class Notice), and finds they satisfy Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and due process requirements. Accordingly, the Court hereby approves the proposed notice.

7.      **Within thirty (30) days of entry of this Order**, the settlement administrator will establish and maintain a settlement website dedicated to the settlement. The settlement website shall contain case-related documents including, but not limited to, the operative complaint and answer to that complaint, the settlement agreement, the Long Form Notice, the Short Form Notice, the Claim Form, this Preliminary Approval Order, Plaintiffs' forthcoming requests for attorneys' fees, costs, and service awards, a set of frequently asked questions, information on how to submit an objection or request exclusion, and contact information for class counsel, HP Counsel, and the settlement administrator.

8.      **Within thirty (30) days of entry of this Order**, HP shall provide to the settlement administrator the names, email addresses, and physical addresses for all settlement class members whose records it can locate through reasonable efforts.

9.      **Within forty-five (45) days of entry of this Order**, the settlement administrator

United States District Court
Northern District of California

shall distribute the Short Form Notice to all settlement class members identified by HP by electronic email. For any settlement class member without an email address or whose electronic mail notice fails delivery, the settlement administrator shall physically mail via first class mail a copy of the Short Form Notice to the physical address of the settlement class member provided by HP.

**C.      Motion for Attorneys' Fees and Service Awards**

10.      Plaintiffs shall file any motion requesting attorneys' fees and costs and/or service awards **no later than thirty-five (35) days prior to the Objection/Exclusion Deadline (defined below**.

**D.      Settlement Administration**

11.      The Court appoints Kroll Settlement Administration LLC ("Kroll") to serve as the settlement administrator. Kroll shall supervise and administer the notice plan, establish and operate the settlement website, administer the claims processes, distribute payments according to the processes and criteria set forth in the settlement agreement, and perform any other administration duties that are reasonably necessary and/or provided for in the settlement agreement.

12.      All reasonable costs of notice and costs of administering the settlement shall be paid from the Settlement Fund as contemplated by paragraph 1.32 of the settlement agreement.

13.      Settlement class members who wish to make a claim must do so by submitting a claim form online or by mailing a physical claim form to the settlement administrator **no later than one hundred five (105) days from entry of this Order**. The settlement administrator shall determine the eligibility of claims submitted and allocate the settlement funds in accordance with the settlement agreement.

**E.      Opting Out of the Settlement**

14.      Settlement class members who wish to be excluded from the settlement must adhere to the following deadline and procedures:

a.      To be excluded, a settlement class member must mail a written request for exclusion to the settlement administrator, which must be postmarked **no later than one hundred**

United States District Court
Northern District of California

1    **five (105) days from entry of this Order (the "Objection/Exclusion Deadline")**.

2            b.        Any settlement class member who wishes to be excluded must include with

3    their request (i) the settlement class member's full name and mailing address; (ii) the case name

4    and number; (iii)  a clear statement that the settlement class member wishes to be excluded from

5    the settlement class; and (iv) the settlement class member's signature or the like signature or

6    affirmation of an individual authorized to act on the settlement class member's behalf.

7            c.        Any settlement class member who fails to submit a timely and complete

8    request for exclusion shall be subject to and bound by the settlement agreement and every order or

9    judgment related thereto.

10        **F.        Objections to the Settlement**

11        15.        Settlement class members who wish to object to the settlement or to the requests

12    for attorneys' fees and costs and/or service awards, must adhere to the following deadline and

13    procedures:

14            a.        To object, a settlement class member must, **within one hundred five (105)**

15    **days from entry of this Order (the "Objection/Exclusion Deadline")**, file with the Court or

16    mail to the Class Action Clerk of the Court a written objection with all supporting documents and

17    memoranda. All objections will be scanned into the electronic case docket, and the parties will

18    receive electronic notices of the filings.

19            b.        Any objecting settlement class member must include with their objection:

20    (i) the case name and number; (ii) the objector's full name, mailing address, and telephone

21    number; (iii) the objector's signature or the like signature or affirmation of an individual

22    authorized to act on the objector's behalf; (iv) the grounds for the objection stated with specificity,

23    including whether the objection applies only to the objector, to a specific subset of the class, or to

24    the entire class; (v) documentary proof that the objector is a settlement class member; (vi) the

25    name, address, bar number, and telephone number of counsel for the objector, if represented by an

26    attorney in connection with the objection; and (vii) a statement as to whether the objector intends

27    to appear at the Final Approval Hearing, either in person or through counsel.

28            c.        Objections shall be considered by the Court at the final approval hearing

United States District Court
Northern District of California

only if the objection adheres to the above procedures and is filed with the Court or, if mailed, postmarked on or before the objection/exclusions deadline.

### G.    Final Approval Hearing

16.    A final approval hearing will be held **on August 21, 2025, at 10:00 AM**, in Courtroom 8 of the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California 95113, to determine whether the requirements for certification of the settlement class have been met; whether the proposed settlement of the action on the terms set forth in the settlement should be approved as fair, reasonable, and adequate, and in the best interest of the settlement class members; whether settlement class counsels' requests for attorneys' fees and costs should be approved; whether requests for service awards to plaintiffs should be approved; whether final judgment approving the settlement and dismissing the action on the merits with prejudice should be entered; and to rule upon such other matters as the Court may deem appropriate. The final approval hearing may, without further notice to the settlement class members, be continued or adjourned by order of the Court.

17.    **No later than forty-two (42) days prior to the final approval hearing**, Plaintiffs shall file their motion for final approval of the settlement.

18.    **No later than twenty-eight (28) days prior to the final approval hearing**, any response to Plaintiffs' motions for final approval or attorneys' fees and costs and/or service awards shall be filed.

19.    **No later than twenty-one (21) days prior to the final approval hearing**, the parties shall file any replies in support of the motions for final approval and attorneys' fees, costs, and service awards.

### H.    Further Matters

20.    Settlement class counsel and HP's counsel are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement, which are not materially inconsistent with either this order or the settlement agreement, including making, without further approval of the Court, minor changes to the settlement, to the form and content of the notice or to any other exhibits that the parties jointly agree are reasonable and necessary.

United States District Court
Northern District of California

21.    Neither the settlement nor the settlement agreement constitutes an admission, concession, or indication by the parties of the validity of any claims or defenses in the action or of any liability, fault, or wrongdoing of any kind by HP, which denies all of the claims and allegations raised in the action.

22.    The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

Dated: February 24, 2025

_____
P. Casey Pitts
United States District Judge

United States District Court
Northern District of California