# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| RODNEY CARVALHO and MARK MAHER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HP, INC., a Delaware corporation,<br><br>Defendant. | Case No. 5:21-cv-08015-PCP<br>*Assigned to the Hon. P. Casey Pitts*<br><br>[P<small>ROPOSED</small>] F<small>INAL</small> A<small>PPROVAL</small> O<small>RDER AND</small> O<small>RDER TO</small> E<small>NTER</small> J<small>UDGMENT</small><br><br>As Modified |

Having considered Plaintiffs' Motion for Final Approval of Class Action Settlement and attachments thereto (the "Motion"), including the parties' Class Action Settlement Agreement and Release ("Settlement Agreement"), supporting Declarations, Class Counsels' Motion for Attorney Fees, Costs, and Settlement Class Representatives Service Awards, the Declarations of Cody R. Padgett and Daniel A. Rozenblatt and the exhibits thereto, the Court's prior order granting preliminary approval of the Settlement on February 24, 2025 the subsequent order granting preliminary approval of the amended Settlement Agreement on April 9, 2025 (Dkt. Nos. 91, 93), Plaintiffs' Motion for Preliminary Approval, and the supplemental briefs and declarations in support thereof, and having provisionally certified the Settlement Class under Rules 23(a) and 23(b)(3), having approved the Class Notice plan, finding it to be the best practicable notice under the circumstances and comporting with Fed. R. Civ. P. 23(e) and due process, ordered the Class Notice's dissemination, finding Class Notice has been disseminated timely and properly, having received no objections to the proposed Class Settlement, and having held the Final Fairness Hearing on August 21, 2025, the Court, having carefully considered all of the submissions and arguments of the parties and being fully advised in the premises, hereby finds and orders as follows:

1. **Certification of Class.** The Court finds that, for purposes of Settlement, the applicable prerequisites for class action treatment under Fed. R. Civ. P 23(a) and 23(b)(3) are satisfied, to wit: The Settlement Class as defined in section 1.28 of the Settlement Agreement, as well as below, is so numerous that joinder of all members is not practicable; questions of law and fact are common to the Settlement Class; the Settlement Class Representatives' claims are typical of the Settlement Class's claims; the Settlement Class Representatives and Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class; questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. The Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case because the action is being settled rather than litigated. See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 620 (1997); In re Hyundai & Kia Fuel Econ. Litig., 926 F.3d 539, 556,

568 (9th Cir. 2019) (en banc).

2.  **Notice of the Class Action Settlement.** The Court finds that, as demonstrated by the Declaration of Andrea Dudinsky and counsel's submissions, Notice to the Settlement Class was timely and properly effectuated in accordance with Fed. R. Civ. P. 23(e) and the approved Class Notice plan set forth in the Court's preliminary approval order. The Court also finds that said Notice constitutes the best notice practicable under the circumstances and satisfies all Rule 23(e) and due process requirements.

3.  **CAFA Notice.** The Court finds that, in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), and as set forth by the Declaration of Andrea Dudinsky, HP, Inc. properly and timely caused to be mailed a copy of the proposed class action Settlement and all other documents required by law to the Attorney General of the United States and the State Attorneys General in each jurisdiction where class members reside. No Attorney General has filed objections to the Settlement.

4.  **Defined Terms of the Settlement Agreement.** Unless otherwise defined herein, the terms used in this Order shall have the same meaning as set forth in the Settlement Agreement, if defined therein.

5.  The Court finds that the proposed Settlement and proposed Allocation Plan (as set forth in the Motion and in Exhibit A attached to the Declaration of Daniel A. Rozenblatt filed concurrently therewith) are fair, reasonable, and adequate, and satisfies Federal Rule of Civil Procedure 23 in all respects. The Court finds that the proposed Settlement provides substantial benefit to the Class, as the five cash benefit amounts under the proposed Allocation Plan ($15.49, $38.71, $77.42, $116.12, and $154.83) exceed the proposed cash benefit amounts set forth in Plaintiffs' Motion for Preliminary Approval ($10.00, $25.00, $50.00, $75.00, and $100.00). *See* Dkt. No. 85, Plaintiffs' Motion for Preliminary Approval, at 9–10 (proposing five cash benefit amounts); Dkt. No. 91, Order Granting Motion for Preliminary Approval, at 3:24–27 (referring to the five cash benefit amounts proposed by Plaintiffs).

6.  The Settlement is particularly beneficial and appropriate when considering the facts and circumstances of this case, the claims and defenses asserted, and the risks of non-recovery or

reduced recovery, non-class certification, and potential recovery delays associated with continued litigation of these claims.

7. The Settlement is the Result of Extensive Arm's-Length Negotiations and is Not the Product of Collusion. The Court further finds that the Settlement was entered into as a result of extensive arm's-length negotiations of highly disputed claims, among experienced class action counsel on both sides. The Settlement was also negotiated with the assistance of the Honorable Irma E. Gonzalez (Ret.), an experienced and well-respected class action mediator and former California jurist. The Settlement was entered into with a sufficient understanding by counsel of the strengths and weaknesses of their respective cases, and of the potential risks versus benefits of continued litigation, including but not limited to the ability to establish and burden of establishing liability, alleged damages, class certification, and maintenance of class certification through trial and appeal.

8. The Court has considered the factors discussed in In re Bluetooth Headset Prod. Liab. Litig., 654 F.3d 935, 947 (9th Cir. 2011) and related decisions, and finds the Settlement was entered into in good faith and was not the product of any collusion between the parties or counsel, whether subtle or otherwise. The Court finds that, despite a "clear-sailing" provision, which is common in class action settlements, the Settlement benefits are not dwarfed by the attorneys' fees and the Settlement funds do not revert, further supporting a finding of non-collusiveness.

9. As set forth in the Settlement Agreement, the Court finds that the Settlement does not and shall not constitute any admission, acknowledgement, or evidence of any wrongdoing or liability on the part of Defendant or any Released Party, or of the merit of any claim or allegation that was or could have been asserted in this Action.

10. Objections and Requests for Exclusion. There are approximately 277,358 Settlement Class Members. Class Notice was timely and properly implemented pursuant to the Court's preliminary approval order. The Court has received no objections to the Settlement. In addition, only 13 Settlement Class Members submitted timely requests for exclusion from the Settlement. The Court finds that the lack of objections and small number of exclusion requests demonstrate strongly that the Class favors the Settlement, which further supports the finding herein that the Settlement is fair, reasonable, and adequate.

**IT IS THEREFORE ORDERED THAT:**

The Court certifies, for the purpose of this Settlement, a Settlement Class consisting of the following:

> Individuals nationwide who purchased a Settlement Class Product during the Settlement Class Period. "Settlement Class Product" means the HP desktop computers, laptops, mice, and keyboards that were offered on sale more than 75% of the time the products were offered for sale during the Settlement Class Period, as identified in Exhibit E, attached to the Settlement Agreement. The class excludes individuals who (1) purchased more than two of the same Settlement Class Product in the same order; (2) are employees of HP and members of his/her immediate family; (3) who are judicial officers presiding over the action and members of their immediate family and judicial staff; (4) are counsel of record for the Parties, and their respective law firms; or (5) timely and properly exclude themselves from the Settlement Class.

11. The Class certified for the purposes of settlement satisfies all of the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3). The Court finds that (a) the Class of 277,358 Class Members is sufficiently numerous so that joinder would be impracticable; (b) that primary issues in this litigation, namely, whether HP displays misleading strikethrough prices and price reductions on its website in violation of California's consumer protection laws, are common to the Class; (c) Plaintiffs' claims are co-extensive with that of Class Members and are thus typical; (d) Plaintiffs and Class Counsel have adequately represented the Class, and there is no conflict between Plaintiffs and Class Counsel and other Class Members. The Court also finds a common nucleus of facts regarding the alleged false and misleading strikethrough price claims predominates over individual issues, and that a class action is superior because the Settlement obviates the need for further litigation or trial.

12. The Settlement Agreement submitted by the Parties is, in all respects, finally approved pursuant to Fed. R. Civ. P. Rule 23(e) as fair, reasonable, adequate, and in the best interest of the Settlement Class.

13. The Court excludes from the Settlement and Release, on the basis of their timely and valid requests for exclusion, the 13 Settlement Class Members identified in the Declaration of Andrea Dudinsky. All other requests for exclusion are hereby rejected.

14. The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms.

15. The Parties and each person or entity within the Settlement Class are hereby bound in all respects by the terms and conditions of the Settlement Agreement, including but not limited to the Released Claims against all Released Parties contained therein, except for those persons or entities who have duly and timely excluded themselves from the Settlement.

16. The Action is hereby dismissed, with prejudice and without costs.

17. This Final Approval Order has been entered without any admission by any Party as to the merits of any allegation in this Action and shall not constitute a finding of either fact or law as to the merits of any claim or defense that was or could have been asserted in the Action. Nothing in this Final Approval Order and Judgment, the Settlement Agreement, the underlying proceedings, or any documents, filings, submissions or statements related thereto, is or shall be deemed, construed to be, or argued as, an admission, or evidence, of any liability, wrongdoing or responsibility on the part of the Defendant or any Released Party, or of any allegation or claim asserted in this Action, all of which are expressly denied by Defendant.

18. The Released Claims, as set forth in the Settlement Agreement, are hereby fully, finally, and forever deemed released, discharged, acquitted, compromised, settled, and dismissed with prejudice against Defendant and all Released Parties. Thus, upon the Effective Date of the Settlement, and except for the rights and entitlements created by the Settlement, the Plaintiffs and each Class Member shall be deemed to have, and by operation of the Final Order and Judgment shall have, released, waived, and discharged the Released Parties from his, her, or its Released Claims as defined in the Settlement.

19. The Court, having conditionally appointed Plaintiffs Rodney Carvalho and Mark Maher as representatives of the Settlement Class ("Settlement Class Representatives") in the preliminary approval order, hereby grants final approval of, and appoints Rodney Carvalho and Mark Maher as Settlement Class Representatives. The Court approves and awards $5,000 to each Plaintiff for their services on behalf of the Class. The Court finds the Class Representatives have diligently represented the Class's interests throughout the litigation and do not have an actual conflict with the Class Members.

20. The Court, having conditionally appointed Class Counsel for the Settlement Class in

the Preliminary Approval Order, hereby grants final approval of, and appoints, the law firms of EDGE, A Professional Law Corporation, and Capstone Law APC as Class Counsel for the Settlement Class ("Class Counsel" or "Settlement Class Counsel"). The Court finds Class Counsel have diligently represented the Class's interests throughout the litigation and do not have an actual conflict with the Class Members.

21. The Court, having conditionally approved Kroll Settlement Administration LLC as the Settlement Administrator, hereby grants final approval of, and appoints, Kroll Settlement Administration LLC as the Settlement Administrator to effectuate its duties and responsibilities set forth in the Settlement Agreement.

22. The Court has carefully reviewed, and hereby approves, the request for a service award of five thousand dollars ($5,000.00) each to Plaintiffs Rodney Carvalho and Mark Maher as reasonable payments for their efforts as Settlement Class Representatives on behalf of the Settlement Class, said service award to be paid by Defendant in the manner provided in the Settlement Agreement. Said payment shall duly, completely, and forever satisfy, release, and discharge any and all obligations of Defendant, and any Released Party, with respect to the Settlement Class Representatives Service Awards.

23. In addition, the Court has carefully reviewed, and hereby approves, Class Counsel's request for an award of reasonable attorneys' fees, costs and expenses in the collective combined total amount of one million dollars ($1,000,000.00) (collectively, "Settlement Class Counsel Attorneys' Fees and Costs"), which amount shall be paid by Defendant within the time, and in the manner, set forth in the Settlement Agreement. The Court finds said Settlement Class Counsel Attorneys' Fees and Costs to be reasonable and consistent with applicable law. The settlement administrator shall withhold 10% of the attorneys' fees until the Court receives a final accounting and report on the distribution of the settlement fund. The payment by Defendant of said Settlement Class Counsel Attorneys' Fees and Costs shall constitute full and complete satisfaction of, and shall duly, completely, and forever release and discharge the Defendant and all Released Parties from, and with respect to, any and all obligations for the payment of any and all attorney fees, costs, and expenses in connection with this Action and controversy.

24. Without further order of the Court, the Parties may agree to reasonably necessary

extensions of time to carry out any of the provisions of the Settlement Agreement, this Order, and any obligations thereunder.

25. Plaintiffs and each and every Settlement Class Member (other than the Settlement Class Members who submitted timely and valid requests for exclusion), are hereby permanently barred and enjoined from commencing or prosecuting any action, suit, proceeding, claim, or cause of action asserting the Released Claims in any court or before any tribunal. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Approval Order and Order to Enter Judgment, and this Court's authority to enforce and effectuate the Settlement Agreement and is ordered in aid of this Court's jurisdiction and to protect its judgments. However, this provision will not bar any communications with, or compliance with requests or inquiries from, any governmental authorities.

26. All Class Members who have not made their objections to the Settlement in the manner provided in the Class Notice are deemed to have waived any objections by appeal, collateral attack, or otherwise.

27. Without affecting the finality of the Final Approval Order and Final Judgment thereon in any away, the Court retains continuing and exclusive jurisdiction over the Parties, including all Class Members, to enforce the terms of the Final Approval Order and Final Judgment, and shall have continuing jurisdiction over the construction, interpretation, implementation, and enforcement of the Settlement Agreement.

28. The Court finds that no just reason exists for delay in entering the Final Judgment. Accordingly, the Clerk is hereby directed to enter Final Judgment.

**IT IS SO ORDERED.**

Dated: August 27, 2025          By: _____

　　　　　　　　　　　　　　　　　The Honorable P. Casey Pitts

　　　　　　　　　　　　　　　　　United States District Judge